# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES V. WALLACE, | ) | Case No. CV 14-5010-PSG (SP) |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION |
| JACK FOX, Warden, | ) | |
| Respondent. | ) | |

    On June 27, 2014, petitioner James V. Wallace, a federal prisoner currently confined to the United States Penitentiary at Lompoc, California, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Petitioner challenges the execution of his federal prison sentence, in particular, the loss of good time credit he suffered as a result of a disciplinary proceeding on September 3, 2010 at the Allenwood Federal Correctional Institution in Pennsylvania.

    As petitioner acknowledges in his Petition, this is not the first time petitioner has challenged this loss of good time credit in a § 2241 petition. Petitioner raised the same challenge, making substantially the same arguments, in a § 2241 petition his filed in 2011 in the United States District Court for the Middle District of Pennsylvania. That court denied his petition on its merits in case number CV 11-

1936, and the Third Circuit Court of Appeals affirmed the denial in case number 12-3097.

"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. . . ." 28 U.S.C. § 2244(a). This prohibition against successive petitions raising the same claims applies to habeas petitions filed pursuant to § 2241. *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (affirming dismissal of § 2241 petition under 28 U.S.C. § 2244(a) where issues raised "either had been, or could have been, decided in [petitioner's] previous habeas action"); *Valona v. U.S.*, 138 F.3d 693, 695 (7th Cir. 1998) ("§ 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence").

Since the claims raised by petitioner in the instant Petition were already raised and rejected by the courts in the Middle District of Pennsylvania and the Third Circuit, the instant Petition is subject to dismissal under § 2244(a). The Court alerted petitioner that his Petition was subject to dismissal for this reason in an August 6, 2014 Order to Show Cause why the Petition should not be dismissed. Petitioner responded to the Order to Show Cause on August 22, 2014. In his response, petitioner again acknowledges that he already challenged his loss of good time credit in a previous § 2241 petition, but maintains that the court should nonetheless consider his claims again because he has continued to study the issues and gather new information to strengthen his arguments. This is not a good basis for the Court to reconsider petitioner's claims that other courts, including a Court of Appeals, have already considered and rejected.

1    IT IS THEREFORE ORDERED that Judgment be entered summarily
2 dismissing the Petition and this action with prejudice.

4 DATED: October 9, 2014

_____

HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE

3